**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **ANTHONY ST. CLAIR SEALY,** | ) |
| Petitioner, | ) CIV 08-02287 PHX FJM (MEA) |
| v. | ) REPORT AND RECOMMENDATION |
| **CHARLES RYAN and ARIZONA ATTORNEY GENERAL,** | ) |
| Respondents. | ) |

**TO THE HONORABLE FREDERICK J. MARTONE:**

Petitioner filed a *pro se* petition seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254 on December 15, 2008. Respondents[1] filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 8) on March 6, 2009. Respondents argue the action for habeas relief was not timely filed and, therefore, that the petition must be denied and dismissed with prejudice. Petitioner filed a reply (Docket No. 9) to the answer on March 31, 2009.

---

[1] As the interim Director of the Arizona Department of Corrections, Mr. Ryan is substituted for Dora Schriro as a respondent in this matter.

**I Procedural History**

A grand jury indictment filed September 1, 2000, charged Petitioner with 16 counts comprised of attempted sexual conduct with a minor, sexual conduct with a minor, public sexual indecency, sexual abuse, molestation of a child, and attempted molestation of a child. See Answer, Exh. A.  The alleged crimes involved three different female victims under the age of fifteen and crimes occurring on separate occasions. Id., Exh. A.  A pre-sentence report prepared August 14, 2001, indicates Petitioner confessed to the charged crimes to the police officer investigating the charges and to the Probation Officer preparing the report. Id., Exh. B.

On June 11, 2001, Petitioner signed a written plea agreement by which he pled guilty to one count of sexual conduct with a minor under the age of 15, a class 2 felony (Count 9 of the indictment) and two counts of attempted sexual conduct with a minor under the age of 15, classified as class 3 felonies (Counts 1 and 4 of the indictment). Id., Exh. C & Exh. D.  The plea agreement provided the remaining charges against Petitioner would be dismissed.

The written plea agreement noted the presumptive sentence of 20 years imprisonment for the crime of sexual conduct with a minor and a maximum term of 27 years imprisonment for this crime. Id., Exh. C.  The plea agreement also noted the presumptive sentence of 10 years imprisonment and a maximum sentence of 15 years imprisonment regarding the charges of attempted sexual conduct with a minor. Id., Exh. C.  The plea

-2-

1  agreement stated: "Defendant will be sentenced to prison on
2  Count 9 and to lifetime probation on Count 1.  There are no
3  agreements regarding sentencing as to Count 4."  Id., Exh. C.
4  Petitioner's guilty pleas were entered by the Court on July 6,
5  2001.  Id., Exh. D.

6        On October 29, 2001, Petitioner was sentenced to a term
7  of 25 years imprisonment pursuant to his conviction on the
8  charge of sexual conduct with a minor.  Id., Exh. E.  Petitioner
9  was sentenced to a term of lifetime probation pursuant to his
10 conviction on each of the charges of attempted sexual conduct
11 with a minor under the age of 15.  Id., Exh. E.

12       Petitioner initiated an action for state post-
13 conviction relief pursuant to Rule 32, Arizona Rules of Criminal
14 Procedure, on November 9, 2001.  Id., Exh. F.  Petitioner was
15 appointed counsel in his Rule 32 action, who informed the state
16 court on May 31, 2002, that counsel could find no meritorious
17 issues to raise on Petitioner's behalf.  Id., Exh. G.

18       Petitioner filed a *pro per* petition for state post-
19 conviction relief on August 22, 2002, asking the state trial
20 court to "reconsider[]" his sentences and asserting his trial
21 defense counsel was ineffective.  Id., Exh. H.  Petitioner
22 asserted that, although there was no physical evidence against
23 him, his trial defense counsel "coerced" him to accept a guilty
24 plea.  Id., Exh. H.  Petitioner stated he had committed a crime
25 and that he had changed since his incarceration.  Id., Exh. H.
26 Petitioner stated that, although he felt he "deserved a
27 punishment for failing to uphold the standards in society" he
28

-3-

was "requesting that a more lenient punishment be considered..." Id., Exh. H.

On December 23, 2002, the Maricopa County Superior Court summarily dismissed Petitioner's Rule 32 action, citing Rule 32.6(c),Arizona Rules of Criminal Procedure[2] and concluding his petition failed "to identify issues of law or fact that would justify an evidentiary hearing." Id., Exh. J.  Petitioner did not seek review of this decision by the Arizona Court of Appeals or the Arizona Supreme Court.  See id., Exh. L.

Petitioner filed a second action seeking state post-conviction relief on October 10, 2007.  Id., Exh. K.  Petitioner alleged he did not understand the plea agreement as explained to him by his trial counsel.  Id., Exh. K.  Petitioner asserted that his right to due process required that what he believed to be an ambiguous plea agreement be construed in accordance with

---

[2] Subsection (c) provides:
  The court shall review the petition within twenty days after the defendant's reply was due. On reviewing the petition, response, reply, files and records, and disregarding defects of form, the court shall identify all claims that are procedurally precluded under this rule. If the court, after identifying all precluded claims, determines that no remaining claim presents a material issue of fact or law which would entitle the defendant to relief under this rule and that no purpose would be served by any further proceedings, the court shall order the petition dismissed. If the court does not dismiss the petition, the court shall set a hearing within thirty days on those claims that present a material issue of fact or law. If a hearing is ordered, the state shall notify the victims, upon the victims' request pursuant to statute or court rule relating to victims' rights, of the time and place of the hearing.

his understanding of the agreement, citing <u>United States v. Palladino</u>, 347 F.3d 29 (2d Cir. 2003). <u>Id.</u>, Exh. K. Petitioner also argued that his sentences violated the United States Supreme Court's decision in <u>Blakely v. Washington</u> because the sentencing court "enhance[d]" his sentences "without a jury." <u>Id.</u>, Exh. K.

The state trial court dismissed the Rule 32 action in a decision issued October 30, 2007, noting Petitioner's conviction became final in December of 2002. <u>Id.</u>, Exh. L. The state court noted that the 2007 Rule 32 action was not timely filed and that <u>Blakely</u> could not be applied retroactively to Petitioner's conviction. <u>Id.</u>, Exh. L. The trial court further stated that Petitioner had not demonstrated how <u>Palladino</u>, a case involving the Federal Sentencing Guidelines, would apply to his case or alter his sentence. <u>Id.</u>, Exh. L. Petitioner sought review of this decision by the Arizona Court of Appeals, which summarily denied review on October 21, 2008. <u>Id.</u>, Exh. N.

In this federal habeas action Petitioner asserts his right to access the courts was violated by the state prison system's inadequate legal facilities. Petitioner also contends his right to due process of law was violated by his sentences. Petitioner also asserts his right to be free of double jeopardy was violated by an indictment which was comprised of multiple charges for a "single offense." Petitioner further maintains he was denied his right to the effective assistance of counsel, his right to a jury trial, and his right to confront his accusers. Additionally, Petitioner avers that his right to due process and

-5-

equal protection were violated by the imposition of a sentence of lifetime probation and also contends his sentences violate his right to equal protection because he is a first-time, indigent offender. With regard to the timeliness of this action, in his habeas petition Petitioner asserts he was unaware of the state of limitations governing habeas petitions found in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

**II. Analysis**

**A. The petition is barred by the statute of limitations**

The petition seeking a writ of habeas corpus is barred by the applicable statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The AEDPA provides that a petitioner is entitled to tolling of the statute of limitations during the pendency of a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2)(2006 & Supp. 2008). See also Artuz v. Bennet, 531 U.S. 4, 8, 121 S. Ct. 361, 363-64 (2000); Harris v. Carter, 515 F.3d 1051, 1053 (9th Cir. 2008).

Because Petitioner pled guilty and thereby waived his right to a direct appeal, Petitioner's convictions and sentences became final at the conclusion of his first action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure. See Summers v. Schriro, 481 F.3d 710, 711

(9th Cir. 2007) (holding that, in Arizona, the statute of limitations began to run upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review."). The state trial court denied relief in Petitioner's first Rule 32 action on December 23, 2002. Accordingly, the AEDPA's statute of limitations began to run on or about January 23, 2003, when the time expired to seek review of the Maricopa County Superior Court's decision denying relief by the Arizona Court of Appeals. Petitioner had one year from that date, i.e., until January 23, 2004, to seek federal habeas relief. Petitioner did not file a habeas petition on or before January 23, 2004.

Petitioner's second action seeking state post-conviction relief was filed on October 10, 2007, after the federal habeas statute of limitations expired. That state Rule 32 action could not and did not restart the already-expired statute of limitations for filing Petitioner's federal habeas action. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003), citing Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001); Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000). A state-court petition that is filed after the expiration of the statute of limitations under the AEDPA does not revive the running of the limitations period. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001); Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001).

**B. Equitable tolling of the statute of limitations**

Petitioner is not entitled to the equitable tolling of the statute of limitations. A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814-15 (2005).

The Ninth Circuit Court of Appeals has determined equitable tolling of the filing deadline for a federal habeas petition is available only if extraordinary circumstances beyond the petitioner's control make it impossible to file a petition on time. See Harris v. Carter, 515 F.3d 1051, 1054-55 & n.4 (9th Cir.), cert. denied, 129 S. Ct. 397 (2008); Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2003), modified on other grounds by 447 F.3d 1165 (9th Cir. 2006). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim. See Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Equitable tolling is to be rarely granted. See Jones v. Hulick, 449 F.3d 784, 789 (7th Cir. 2006); Stead v. Head, 219 F.2d 1298, 1300 (11th Cir. 2000) (holding this remedy is "typically applied sparingly"). The petitioner must establish a causal connection between the alleged roadblock to their timely filing of their federal habeas petition and the actual failure to file the petition on time. See Gaston, 417 F.3d at 1034; Lawrence v. Florida, 421 F.3d 1221, 1226-27 (11th Cir.

2005). It is Petitioner's burden to establish that equitable tolling is warranted in his case. Gaston, 417 F.3d at 1034.

A petitioner's *pro se* status, ignorance of the law, and lack of representation during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling because such circumstances are not "extraordinary." See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Additionally, a federal habeas petitioner seeking equitable tolling must also act with "reasonable" diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). See also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

In his reply to the answer to his petition, Petitioner contends the state court's dismissal of his first Rule 32 action denied him his right to access the courts. Petitioner asserts his appointed post-conviction counsel was ineffective because he did not inform Petitioner of the AEDPA's time limitations. With regard to the "untimeliness of his petition," Petitioner asserts "he did not know the existence of the AEDPA," and that the State of Arizona failed to provide "notice" of it's statute of limitations. Petitioner contends the failure to provide notice voids any argument that he knowingly, intelligently, and voluntarily "waive[d] such rights concerning the provisions of the AEDPA ..." Docket No. 9 at 11. Petitioner contends the state may not assert the statute of limitations as a defense to

-9-

his habeas claims because the state did not give him "notice" of the statute of limitations. Id. at 12. Petitioner asserts that imposing the statute of limitations when he had no notice of such has violated his right to due process because he has been deprived of a protected liberty interest without notice. Id. Petitioner argues he has a constitutional right to file a habeas petition which has been denied by the State of Arizona. Additionally, Petitioner maintains he has not procedurally defaulted all of his federal habeas claims in the state courts.

     Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition, or that any state action was the "but for" cause for his failure to timely file his federal habeas action. See Brown v. Barrow, 512 F.3d 1304, 1306-07 (11th Cir. 2008) (holding the petitioner has a strong burden to plead specific facts supporting their claim of extraordinary circumstances). See also Pace, 544 U.S. at 418-19, 125 S. Ct. at 1815 (concluding that the petitioner was not entitled to equitable tolling because he was not misled or confused about the exhaustion of his state remedies and filing his federal habeas petition). Petitioner has not met his burden of establishing that there were extraordinary circumstances beyond his control which made it impossible for him to file a timely federal habeas petition. Compare Sanchez v. Cambra, 137 Fed. App. 989, 990 (9th Cir. 2005). Additionally, Petitioner did not act with reasonable diligence throughout the time period he seeks to toll. See

-10-

Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting a claim to equitable tolling where the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). Compare Roy, 465 F.3d at 969-72.

**IT IS THEREFORE RECOMMENDED** that Mr. Sealy's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered

-11-

a waiver of a party's right to de novo appellate consideration of the issues. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 7th day of April, 2009.

_____
Mark E. Aspey
United States Magistrate Judge

-12-