**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Anthony St. Clair Sealy, | ) | No. CV-08-2287-PHX-FJM |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Respondents. | ) | |

The court has before it petitioner's petition for writ of habeas corpus (doc. 1), respondents' answer (doc. 8), and petitioner's reply (doc. 9). We also have before us the report and recommendation of the United States Magistrate Judge (doc. 10), and petitioner's objection (doc. 11). After *de novo* consideration of the issues, we accept the recommended decision of the United States Magistrate Judge, pursuant to Rule 8(b), Rules Governing § 2254 Cases, and deny the petition as untimely.

Petitioner was charged in a sixteen-count indictment with attempted sexual conduct with a minor, sexual conduct with a minor, public sexual indecency, sexual abuse, molestation of a child, and attempted sexual molestation of a child involving three separate victims. He pled guilty to one count of sexual conduct with a minor under the age of 15 and two counts of attempted sexual conduct with a minor under the age of 15. He was subsequently sentenced to twenty-five years imprisonment and lifetime probation. It is

1 undisputed that the present habeas petition is untimely under the one-year statute of
2 limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28
3 U.S.C. § 2244(d)(1). Petitioner argues that equitable tolling applies to his otherwise untimely
4 claims because he was not informed of AEDPA's time limitations.

5       We agree with the Magistrate Judge that petitioner has not demonstrated either
6 diligent pursuit of his rights or extraordinary circumstances preventing him from filing a
7 timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005).
8 Neither a petitioner's *pro se* status, nor his ignorance of the law, constitutes an extraordinary
9 circumstance warranting equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir.
10 2006). Therefore, we accept the Magistrate Judge's conclusion that petitioner's petition for
11 writ of habeas corpus is untimely and that he has failed to demonstrate entitlement to
12 equitable tolling.

13       **IT IS ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).
14       DATED this 15$^h$ day of May, 2009.

_____
Frederick J. Martone
United States District Judge